THOMAS A. NITTI, SBN 77590
tnitti@prodigy.net
LAW OFFICES OF THOMAS A. NITTI
1250 Sixth Street, Suite 205
Santa Monica, CA 90401
Phone: (310) 393-1524  Fax (310) 576-3581

Attorneys for Defendant Rehabilitation Associates, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXFORD STREET PROPERTIES, LLC, etc., <br><br> Plaintiff, <br><br> vs. <br><br> LANCE ROBBINS, etc. et al. <br><br> Defendants. | Case No.: CV10-02999 VBF (RZx) <br><br> **DISCOVERY MATTER** <br><br> **REPLY OF DEFENDANT REHABILITATION ASSOCIATES, LLC IN SUPPORT OF MOTION TO STAY ALL PENDING DISCOVERY PURSUANT TO THE CALIFORNIA SLAPP STATUTE, C.C.P. SECTION 425.16.** <br><br> [Declaration of Thomas A. Nitti Filed Concurrently herewith] <br><br> Hon. Ralph Zarefsky <br><br> Date: February 14, 2010 <br> Time: 10:00 a.m. <br> Place: Courtroom 540 |

//

//

//

//

1

REPLY OF DEFENDANT REHAB IN SUPPORT OF MOTION TO STAY

## I. THE OPPOSITION IS MERITLESS AND IS BASED ON MISSTATEMENTS TO THIS COURT.

This Reply is submitted on behalf of Rehabilitation Associates, LLC ("Rehab") in support of the Rehab Motion To Stay All Pending Discovery Pursuant to the California SLAPP Statute, C.C.P. Section 425.16 ("Motion to Stay") and in response to the Opposition of Plaintiff Oxford Street Properties, LLC ("Oxford") thereto.

Oxford's Opposition is without merit for the following reasons:

1. Oxford makes the ***false representation*** to this Court that a SLAPP motion by a different defendant (Citibank) was ***denied*** at the time the Motion to Stay was filed. Opposition, page 1, lines 12-14; page 2, lines 23-24. This is not true. The Citibank SLAPP motion as to the Third Amended Complaint was filed on November 11, 2010. See, dkt. 203. Citibank's motion was removed from the Court's calendar as moot when the Fourth Amended Complaint was filed. See, Order Extending Time to File Answer, dkt. 205. As such, the Citibank SLAPP motion was subject to being re-noticed as to the Forth Amended Complaint. Citibank filed such a renewed SLAPP motion on January 17, 2011. See, Defendant Citibank N.A.'s Notice of Special Motion and Special Motion to Strike Plaintiff's Sixth Cause of Action for Conversion, dkt. 244. Oxford's allegations are without merit.

2. Further, Rehab filed its Motion to Stay on January 12, 2011 (dkt. 235). ***On the same day***, Rehab filed its SLAPP entitled "Notice of Special Motion and Special Motion to Strike Plaintiff's State Causes of Action," dkt 237. Again, Oxford has no grounds to complain.

3. Oxford *falsely* represents to this Court that Rehab and counsel to Rehab, Thomas Nitti, gave "…instructions to third parties to ignore Plaintiff's subpoenas…" Opposition, page 5, lines 7-9. Oxford offers no evidence whatever of such a claim and neither ***Rehab nor Mr. Nitti ever instructed anyone to ignore the subpoenas***. See, Declaration of Thomas A. Nitti filed concurrently herewith. Rehab and Nitti have done nothing wrong; as documented below, a joint stipulation is not required herein and sanctions are completely unwarranted.

4. It is respectfully submitted that though Oxford attempts to argue the merits of the Special Motion to Strike (Opposition, page 3, fn. 1; page 4, fn. 3), such arguments are properly before the Honorable Valerie Baker Fairbank for decision by her on February 17, 2011, and are not properly raised by Oxford on this Motion to Stay.

In furtherance of the above, Rehab additionally states as follows:

## II. A JOINT STIPULATION IS NOT REQUIRED UNDER LOCAL RULE 37 SINCE THE RULE DOES NOT BY ITS TERMS APPLY AND DUE TO THE IMMEDIATE NEED TO FILE THE MOTION TO STAY

Local Rule 37 applies by its terms to "any motion relating to discovery ***pursuant to F.R.Civ.P. 26-37***." The present Motion for Stay is being brought pursuant to the California SLAPP Statute, C.C.P. Section 425.16, and not under the Federal Rules of Civil Procedure.

Further, the parties met and conferred in this matter on January 4, 10, and 11, 2011. The motion was then filed on January 12, 2011, the same day Weiss

Accountancy was to produce. The preparation of a joint stipulation would have mooted the Motion to Stay by delaying the filing thereof ***to a time after production was made***, to the prejudice of Rehab and the other defendants. Thus, the motion had to be filed without a joint stipulation (assuming it normally would be required) to protect the rights of defendants and to preserve the issue for the Court's consideration.

In addition, Oxford is applying one standard to itself and a different standard to Rehab in claiming a joint stipulation is required under Local Rule 37. On January 13, 2011, Oxford filed "Plaintiff's Ex Parte Application For (1) Clarification That Discovery Is Not Stayed; (2) A Protective Order; and (3) The Setting of an Order to Show Cause Re: Sanctions against Rehabilitation Associates, LLC" (dkt. 239). ***This application was filed without any meeting of counsel and without a joint stipulation***. Oxford is in no position to insist that a joint stipulation be filed by Rehab, especially in view of the necessity of an immediate filing of the Motion to Stay.

### III. THE SLAPP LAW AT ISSUE PROVIDES FOR AN AUTOMATIC STAY OR, AT A MINIMUM, A STAY PENDING A SHOWING BY OXFORD THAT DISCOVERY IS NEEDED TO OPPOSE THE SLAPP MOTION.

Code of Civil Procedure section 425.16, subdiv. (g) provides that the filing of a SLAPP motion ***automatically stays*** all further discovery (without Court order) until the court rules on the motion in state court.

The SLAPP statute, as applied in Federal Court, provides for (1) an

4

REPLY OF DEFENDANT REHAB IN SUPPORT OF MOTION TO STAY

automatic stay or (2) a stay pending an affidavit or declaration made by the non-movant depending upon whether the movant is attacking the plaintiff's pleading, or the plaintiff's proof. The case of *Rogers v. Home Shopping Network,* 57 F. Supp. 2d 973 (C.D. Cal. 1999) states the rule as follows:

> "In sum, §425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of §425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies." *Id*. at p. 983.

The instant motion is an attack on Oxford's pleadings, akin to a 12(b)(6) motion and the stay provision thus automatically applies. Code of Civil Procedure section 425.16, subdiv. (g)

*Metabolife Int'l v. Wornick,* 264 F.3d 832, 845, 850 (9th Cir. 2001), relied upon by Oxford in its Opposition, only cites the ***second type*** of SLAPP motion under *Rogers* (a movant's attack on proof, not the pleadings) and is therefore not controlling herein.

However, even assuming *Metabolife* and Rule 56(d) apply in this matter, even under *Metabolife*, ***a plaintiff such as Oxford must still show by "affidavit or***

5

REPLY OF DEFENDANT REHAB IN SUPPORT OF MOTION TO STAY

*declaration" that it needs further probative information solely available from the defendants that is essential to oppose the SLAPP motion*. *See, Metabolife Int'l v. Wornick, supra*, 264 F.3d 832, 845, 850. No affidavit or declaration has ever been filed under Rule 56. (See below.)

### IV. OXFORD'S ARGUMENT THAT IT HAS MADE A PROPER SHOWING TO PERMIT DISCOVERY IS WITHOUT MERIT.

Oxford attempts to argue in the alternative that it has made a proper showing to permit discovery by incorporating by reference prior documents previously submitted to the Court in this matter. Opposition, page 4, lines 16-21. Such argument is completely meritless.

*Under the law, Oxford is entitled at most to specific discovery from the defendant that is essential to oppose the SLAPP Motion after Oxford makes a showing by affidavit or declaration. At no time has Oxford ever argued that it needed specific discovery essential to oppose any SLAPP motion; nor has any affidavit or declaration ever been filed under Rule 56*. *Metabolife Int'l v. Wornick, supra*, 264 F.3d 832, 845, 850. Further, at **no time** has this Court or has Judge Fairbank ever been asked to rule on such an issue by Oxford. See, Declaration of Thomas A. Nitti filed concurrently herewith.

//
//
//
//

REPLY OF DEFENDANT REHAB IN SUPPORT OF MOTION TO STAY

# V. SANCTIONS ARE COMPLETELY UNWARRANTED AND NO PROPER SHOWING HAS BEEN MADE IN ANY EVENT.

The sanctions Oxford seeks under Local Rule 37-4 are unwarranted. The rule provides:

> "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

Federal Rule of Civil Procedure section 37(a)(5)(B) authorizes sanctions in the form of "reasonable expenses incurred in opposing the motion, including attorney's fees," but further provides:

> "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

The Motion is substantially justified to protect the rights of defendants under the SLAPP statute and Mr. Nitti never instructed third parties to ignore any subpoena. Moreover, Local Rule 37 does not require a joint stipulation under these facts and there was no time to prepare a joint statement in any event.

Moreover, Oxford makes no showing of attorney-hours expended; no showing of an hourly rate charged; and no showing of reasonable attorney's fees it has incurred. Thus, Oxford has made no showing to award sanctions.

//

//

//

## VI. CONCLUSION.

Based on the above, the Opposition is meritless and the Motion to Stay should be granted.

DATED: January 31, 2011     LAW OFFICES OF THOMAS A. NITTI


By /s/ Thomas A. Nitti
THOMAS A. NITTI
Attorneys for Rehabilitation Associates, LLC

REPLY OF DEFENDANT REHAB IN SUPPORT OF MOTION TO STAY

# PROOF OF SERVICE

State of California, County of Los Angeles

I, NYDIA ESCALONA, declare and say:

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is: 1250 Sixth Street, Suite 205, Santa Monica CA 90401.

On January 31, 2011, I served the following document(s) described as:

**REPLY OF DEFENDANT REHABILITATION ASSOCIATES, LLC IN SUPPORT OF MOTION TO STAY ALL PENDING DISCOVERY PURSUANT TO THE CALIFORNIA SLAPP STATUTE, C.C.P. SECTION 425.16.**

**[Declaration of Thomas A. Nitti Filed Concurrently herewith]**

on the interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

PLEASE SEE ATTACHMENT A

☒ BY FAX – I faxed the document to the fax number indicated below the addressee's name and address (without envelope) ***as to counsel to Oxford only***.

☐ BY E-MAIL – I emailed the document to the e-mail address below the addressee's name and address (without envelope).

☒ BY MAIL – I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with the postage thereon fully prepaid ***as to all other counsel***.

☒ FEDERAL – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Date: January 31, 2011          /s/ Nydia Escalona
                                NYDIA ESCALONA

# ATTACHMENT A

RUSS, AUGUST AND KABAT
Matthew A. Rips, Esq.
mrips@raklaw.com
Nathan Meyer, Esq.
nmeyer@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, CA 90025
Fax: (310) 826-6991

LAW OFFICES OF JOHN C. WILSON
John C. Wilson, Esq.
Jcwilson001@aol.com
2108 Navy St.,
Santa Monica, CA 90401

LAW OFFICES OF CYRUS ANVARIPOUR
Cyrus Anvaripour, Esq.
anvaripour23@aol.com
5240 Zelzah Ave
Encino, CA 91316

LAW OFFICES OF SARA NAHEEDY
Sara Naheedy, Esq.
snaheedy@gmail.com
49 Goleta Point Dr.
Corona Del Mar, CA 92625

LAW OFFICES OF MARY E. MASI
Mary E. Masi, Esq.
attymasi@msn.com
2211 Corinth Ave, Suite 309
Los Angeles, CA 90064

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland, Esq.
Scott M. Pearson, Esq.
Samuel B. Lutz, Esq.
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

PROOF OF SERVICE